1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7               **DISTRICT OF ARIZONA**

8   Fernando Miguel Garcia,                    )
                                               )        CV 07-1289-PHX-DGC (JJM)
9                      Petitioner,             )
                                               )
10  v.                                         )        **SUPPLEMENTAL REPORT**
                                               )        **AND RECOMMENDATION**
11  Katrina Kane, et al.,                      )        (Amended to Correct Judge
                                               )        Assignment)
12                                             )
                       Respondents.            )
13  _____   )

14          Pending before the Court are Petitioner's second Motion to Reopen [Doc. No. 28].

15  Petitioner's first Motion to Reopen was denied without prejudice based on his failure to

16  establish that he had exhausted his administrative remedies by appealing his bond

17  determination to the Board of Immigration Appeals [Doc. No. 27]. With the current motion,

18  Petitioner has submitted a copy of the BIA's order dismissing his appeal and he has thus

19  established that he has exhausted his administrative remedies. *Motion to Reopen*, ex. D.

20  Nevertheless, for the reasons explained below, the Magistrate Judge recommends that the

21  District Court, after an independent review of the record, deny the motion to reopen.

22  **I.      BACKGROUND**

23          Petitioner is a native and citizen of El Salvador whose status was adjusted to that of

24  a lawful permanent resident on January 29, 1990. On March 17, 2005, the INS charged

25  Petitioner with removability pursuant to INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227 (a)(2)(B)(i),

26  as having been "after admission, . . . convicted of a violation of (or a conspiracy or attempt

27  to violate) any law or regulation of a State, the United States, or a foreign country relating

28  to a controlled substance . . . ." On July 5, 2005, after a hearing, an Immigration Judge ("IJ")

denied Petitioner's applications for asylum, withholding of removal, relief under the Convention Against Torture, and Cancellation of Removal, and ordered Petitioner's removal from the United States. On July 22, 2005, Petitioner filed a timely notice of appeal, appealing the IJ's July 5, 2005, decision. On November 30, 2005, the Board of Immigration Appeals ("BIA") affirmed the IJ decision and dismissed Petitioner's appeal.

On December 16, 2005, in the United States Court of Appeals for the Ninth Circuit, Petitioner filed a petition for review and a motion for a stay of removal. (*Garcia v. Holder*, No. 05-77173 (9th Cir. filed December 16, 2005).) On December 27, 2005, Petitioner filed a motion to reconsider with the BIA. (Ex. 13.) On March 27, 2006, pursuant to General Order 6.4(c)(1)(3), the Ninth Circuit granted a temporary stay of removal. *Garcia v. Holder*, No. 05-77173 (9th Cir.). As of the date of this report and recommendation, Petitioner's appeal remains pending at the Ninth Circuit.

On July 2, 2007, Petitioner instituted this action by filing a Petition for Writ of Habeas Corpus. *Docket No. 1*. By Order dated April 29, 2009, the District Court adopted the recommendation of the Magistrate Judge that the petition be granted and ordered that Respondents provide a hearing to Petitioner before an IJ with the power to grant Petitioner bail unless Petitioner was determined to be a flight risk or a danger to the community. *Docket No. 21*. On May 27, 2009, Respondents filed a notice that an IJ had conducted the ordered bond hearing and granted Petitioner release on a bond of $40,000. *Docket No. 23*. On July 6, 2009, Petitioner filed a Motion for Enforcement of Judgement, and on October 6, 2009, a Motion to Reopen. *Docket Nos. 24 & 26.* Those motions were denied by order dated October 21, 2009, based on Petitioner's apparent failure to exhaust his administrative remedies by appealing the IJ's decision to the BIA. *Docket No. 27.*

In the instant motion, Petitioner has attached the adverse ruling of the BIA, dated August 28, 2009, and requests that the Court consider the arguments raised in his first motion to reopen. As the resolution of this motion will not be based on his failure to exhaust his

administrative remedy, but will be with prejudice and dispositive of his case, the Magistrate

Judge will address Petitioner's arguments by Report and Recommendation.

**II.    DISCUSSION**

In the motion to reopen, Petitioner asserts that Immigration and Customs Enforcement

("ICE")"has failed, as a matter of law, to prove flight risk or a danger to the community

pursuant to this Court's order," and "abused its discretion in imposing the high bond of

$40,000 . . . ." Petitioner also asserts that "the IJ shifted the burden to the Petitioner to prove

that he is not a flight risk, in essence, to prove a negative," in violation of his due process

rights.

In its order dismissing Petitioner's appeal, the BIA reviewed the IJ's findings of fact,

including findings as to the credibility of testimony, under the "clearly erroneous" standard

provided in 8 C.F.R. § 1003.1(d)(3)(i), and reviewed the remaining issues of law, discretion

and judgment *de novo* pursuant to 8 C.F.R. § 1003.1(d)(3)(ii). Applying these standards, the

BIA explained:

> We have considered the respondent's contentions on
> appeal. Nonetheless, we find that the record supports the
> Immigration Judge's determination and, thus, it will be affirmed
> for the reasons stated by the Immigration Judge in the June 26,
> 2009, memorandum supporting the May 21, 2009, bond order.

*Docket No. 28,* Ex. D.

The Ninth Circuit has held that an alien had the right to "contest the necessity of his

detention before a neutral decision maker and an opportunity to appeal the determination to

the BIA." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (2008) (citing 8 C.F.R. § 236.1(d)).

Here, the record presented by Petitioner establishes that he was provided a bond hearing and

was in fact granted relief. Thus, he has been afforded the required opportunity to contest the

necessity of his detention and he prevailed. The IJ found that he merited bond, and that was

the relief he sought in his original habeas petition.

Now, however, Petitioner asserts that the IJ "abused is discretion in imposing the high

bond of $40,000" and requests that he "be released on his own recognizance without cash

1   bond." *Docket No. 25*, p. 2. However, the applicable statute does not provide for review of

2   the bond amount set by the IJ. The pertinent portion of 8 U.S.C. § 1226 provides: "The

3   Attorney General's discretionary judgment regarding the application of this section shall not

4   be subject to review. No court may set aside any action or decision by the Attorney General

5   under this section regarding the detention or release of any alien or the grant, revocation, or

6   denial of bond or parole." 8 U.S.C. § 1226(e).

7         Just as the petitioner in *Prieto-Romero* did, Petitioner relies on *Doan v. INS*, 311 F.3d

8   1160, 1162 (9th Cir. 2002), where the Ninth Circuit indicated that "serious questions may

9   arise concerning the reasonableness of the amount of the bond if it has the effect of

10   preventing an alien's release." However, in *Prieto-Romero*, the Ninth Circuit explained that

11   its statement in *Doan* is not inconsistent with section 1226(e), "because an alien who

12   contends that an unreasonable bond amount precludes her release from detention that is

13   statutorily unauthorized does not challenge the 'Attorney General's exercise of discretion[,

14   but rather] the extent fo the Attorney General's authority' under the Immigration and

15   Nationality Act, which is not a matter of discretion, and therefore a fit subject for judicial

16   review." *Prieto Romero*, 534 F.3d at 1067 (citations omitted). As was the case in *Prieto-*

17   *Romero*, Petitioner's detention is not inconsistent with the

18            implicit statutory limitation announced in *Zadvydas,* he remains
             lawfully detained under § 1226(a), and *Doan* does not license

19            [the courts] to review the reasonableness of the amount of bond,
             even if [the Petitioner] cannot afford to post it.

20

  *Id*. As such, the Ninth Circuit, applying section 1226(e) has concluded that the courts have

21

  no authority to entertain a challenge to the IJ's "discretionary assessment of the bond amount

22

  required to secure [Petitioner's] presence at removal in the event that his petition for review

23

  is denied." *Id*.

24

  . . . .

25

  . . . .

26

  . . . .

27

28

**III.    RECOMMENDATION**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Petitioner's second Motion to Reopen [Doc. No. 28].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-1289-PHX-DGC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 2nd day of December, 2009.

Jacqueline Marshall
United States Magistrate Judge