**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Miguel Garcia, | No. CV-07-1289-PHX-DGC (JJM) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, Field Office Director | |
| Respondent. | |

Petitioner Fernando Garcia has filed a motion to reopen this case. Dkt. #28. United States Magistrate Judge Jacqueline Marshall has issued a supplemental report and recommendation ("R&R") that the Court deny the motion. Dkt. #30. Petitioner has filed an objection. Dkt. #31. For reasons that follow, the Court will accept the supplemental R&R and deny Petitioner's motion.

## I.  Background.

Petitioner is a native and citizen of El Salvador.  He became a lawful permanent resident of the United States in 1990.  He is in federal custody pending resolution of an order of removal issued by the Board of Immigration Appeals ("BIA").  *See* Dkt. #11-2 at 10-12.

Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. #1.  Magistrate Judge Marshall issued an R&R recommending that the Court grant the petition and direct Respondent to provide Petitioner with a bond hearing before an immigration judge ("IJ").  Dkt. #20.  The Court accepted the R&R (Dkt. #21) and the Clerk entered judgment accordingly (Dkt. #22).

Petitioner subsequently received a bond hearing. *See* Dkt. #23. The IJ found Petitioner to be a flight risk and ordered him released from custody upon posting a $40,000 bond. Dkt. #25 at 5-8. The BIA affirmed. Dkt. #28 at 17.

**II.    Discussion.**

Petitioner challenges the bond amount as excessively high. Specifically, Petitioner seeks to reopen this case on the ground that the IJ's decision "was not based on fact and more importantly, did not, as a matter of law, establish clear and convincing evidence that Petitioner is a flight risk or a danger." Dkt. #28 at 1; *see* Dkt. ##24, 25. The supplemental R&R concludes that Petitioner's motion to reopen should be denied because the Court, under 8 U.S.C. § 1226(e), has "no authority to entertain a challenge to the IJ's 'discretionary assessment of the bond amount required to secure Petitioner's presence at removal [proceedings].'" Dkt. #30 at 4 (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008)).

The Court may accept, reject, or modify the findings and recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner does not specifically object to the Magistrate Judge's conclusion that the Court lacks jurisdiction over Petitioner's challenge to the bond amount. Petitioner asserts that he "is entitled to a judicial determination as to whether the government established flight risk or dangerousness as required by the government['s] burden at the bail hearing" (Dkt. #31 at 2-3), but Petitioner cites no legal authority in support of this assertion.

Petitioner has obtained a judicial stay of removal from the Ninth Circuit pending review by that court of the BIA's order of removal. *See Garcia v. Holder*, No. 05-77173 (9th Cir. Dec. 16, 2005). His continued detention during this period of judicial review is lawfully permitted under 8 U.S.C. § 1226(a). "Congress has provided the Attorney General with authority to detain [Petitioner] under § 1226(a), which gives the Attorney General a broad

grant of discretionary authority to detain an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Casas-Castrillon v. DHS*, 535 F.3d 942, 945 (9th Cir. 2008). The Magistrate Judge concludes, correctly, that because Petitioner remains lawfully detained under § 1226(a), the Court is without jurisdiction under § 1226(e) to review the reasonableness of the bond amount even if Petitioner cannot afford to post it. Dkt. #30 at 4 (citing *Prieto-Romero*, 534 F.3d at 1067).

**III.    Conclusion.**

Petitioner's bond hearing "afforded [him] an adequate opportunity to challenge the necessity of his detention." *Casas-Castrillon*, 535 F.3d at 951. Petitioner asks this Court to "second-guess the IJ's discretionary assessment of the bond amount required to secure his presence at removal in the event that his petition for review is denied." *Prieto-Romero*, 534 F.3d at 1067. The Court "has no authority to entertain his challenge." *Id.* (citing 8 U.S.C. § 1226(e)); *see Solis v. Clark*, No. C08-1453-MJP, 2009 WL 529631, at *4 (W.D. Wash. Feb. 5, 2009). The Court will accept the supplemental R&R and deny the motion to reopen case.

**IT IS ORDERED:**

1.    Magistrate Judge Jacqueline Marshall's supplemental R&R (Dkt. #30) is **accepted**.

2.    Petitioner's motion to reopen case (Dkt. #28) is **denied**.

DATED this 21st day of January, 2010.

_David G. Campbell_

_____
David G. Campbell
United States District Judge